*Pro Se 5*

```
_____ FILED _____ LODGED
_____ RECEIVED

Jun 11, 2020

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

Frederick W. Richardson

_____

_____,

Plaintiff(s),

v.

US DEPT. OF LABOR - Office

of Workers Compensation

Programs (OWCP),

Defendant(s).

CASE NO. 2:20-cv-00923-RSL
[to be filled in by Clerk's Office]

COMPLAINT FOR A CIVIL CASE
ALLEGING NEGLIGENCE
(28 U.S.C. § 1332; Diversity of
Citizenship)

Jury Trial: ☑ Yes ☐ No

## I.    THE PARTIES TO THIS COMPLAINT

A.    Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Frederick W. Richardson |
| Street Address | 2203 SE 181st AVE. |
| City and County | VANCOUVER, CLARK |
| State and Zip Code | WASHINGTON, 98683 |
| Telephone Number | 360 487-0974 |

1

*Pro Se 5*

B.    Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | Dept. of Labor – Office of Workers' Compensation Programs |
| Job or Title *(if known)* | Government Agency |
| Street Address | 300 Fifth Avenue, Suite 1050F |
| City and County | Seattle, King County |
| State and Zip Code | WA. 98104 |
| Telephone Number | (206) 470-3100 |

Defendant No. 2

| | |
|---|---|
| Name | Sandra E Tyus |
| Job or Title *(if known)* | Claims Examiner |
| Street Address | 300 Fifth Avenue, Suite 1050F |
| City and County | Seattle, King County |
| State and Zip Code | WA. 98104 |
| Telephone Number | (206) 470-3100 |

Defendant No. 3

| | |
|---|---|
| Name | Tracy A. Johnson |
| Job or Title *(if known)* | OWCP Chief of Operations |
| Street Address | 300 Fifth Avenue, Suite 1050F |
| City and County | Seattle, King County |
| State and Zip Code | WA. 98104 |
| Telephone Number | (206) 470-3100 |

2

Pro Se 5

Defendant No. 4

| | |
|---|---|
| Name | JAHN FARRINGTON |
| Job or Title *(if known)* | Senior Claims Examiner |
| Street Address | 300 Fifth Avenue, Suite 1050F |
| City and County | Seattle, King County |
| State and Zip Code | WA. 98104 |
| Telephone Number | (206) 470-3100 |

*Please see attached sheets... (2 pages)*

## II.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be  heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  (check all that apply)

☑  Federal question            ☐  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Tort Claim, SF95, Negligence

3

*Pro Se 5*

1   B.      If the Basis for Jurisdiction Is Diversity of Citizenship

2               1.      The Plaintiff(s)

3                   a.  If the plaintiff is an individual.

4       The plaintiff (*name*) _____, is a citizen of the

5   State of (*name*) _____.

6                   b.  If the plaintiff is a corporation.

7       The plaintiff, (*name*) _____, is incorporated under

8   the laws of the State of (*name*) _____, is incorporated under

9   the laws of the State of (*name*) _____, and has its principal

10  place of business in the State of (*name*) _____.

11      *(If more than one plaintiff is named in the complaint, attach an additional page providing*
    *the same information for each additional plaintiff.)*

12

13              2.      The Defendant(s)

14                  a.  If the defendant is an individual.

15      The defendant, (*name*) _____, is a citizen of the

16  State of (*name*) _____. Or is a citizen of

17  (*foreign nation*) _____.

18                  b.  If the defendant is a corporation.

19      The defendant, (*name*) _____, is incorporated under

20  the laws of the State of (*name*) _____, and has its principal

21  place of business in the State of (*name*) _____.

22      Or is incorporated under the laws of (*foreign nation*) _____,

23  and has its principal place of business in (*name*) _____.

24      *(If more than one defendant is named in the complaint, attach an additional page*
    *providing the same information for each additional defendant.)*

*Pro Se 5*

1

### III.    THE AMOUNT IN CONTROVERSY

2        The amount in controversy-the amount the plaintiff claims the defendant owes or the

3    amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*):

4        ## $855,000

5

6

7

### IV.    STATEMENT OF CLAIM

8    *Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the    facts showing that each plaintiff is entitled to the damages or other relief sought.*

9    *State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or*

10    *conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.*

11

12        On (*date*) _____, at (*place*) _____, the defendant(s): (1)

13    performed acts that a person of ordinary prudence in the same or similar circumstances would

14    not have done; or (2) failed to perform acts that a person of ordinary prudence would have done

15    under the same or similar circumstances because (*describe the acts or failures to act and why*

16    *they were negligent*).

17        ## Please see attached sheets... 11 PAGES

18

19

20        The acts or omissions caused or contributed to the cause of the plaintiff's injuries by

21    (*explain*)

22

23

24

*Pro Se 5*

1

## V.    RELIEF

2  *State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do*
   *not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing*
3  *at the present time. Include the amounts of any actual damages claimed for the acts alleged and*
   *the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts,*
4  *and the reasons you claim you are entitled to actual or punitive money damages.*

5  ## Please see attached sheets... 1 PAGE

6

7

8

## VI.    CERTIFICATION AND CLOSING

9
        Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

10  knowledge, information, and belief that this complaint: (1) is not being presented for an improper

11  purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

12  (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or

13  reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

14  identified, will likely have evidentiary support after a reasonable opportunity for further

15  investigation or discovery; and (4) the complaint otherwise complies with the requirements of

16  Rule 11.

17
        I agree to provide the Clerk's Office with any changes to my address where case-related

18  papers may be served. I understand that my failure to keep a current address on file with the

19  Clerk's Office may result in the dismissal of my case.

20      Date of signing:            06/10/2020

21      Signature of Plaintiff       *[signature]*

22      Printed Name of Plaintiff    Frederick W. Richardson

23      Date of signing:            _____

24      Signature of Plaintiff       _____

6

*Pro Se 5*

1    Printed Name of Plaintiff    _____

2    Date of signing:    _____

3    Signature of Plaintiff    _____

4    Printed Name of Plaintiff    _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

B.   Defendant(s) (Continued)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 5

| | |
|---|---|
| Name | Craig Dunn |
| Job or Title *(if known)* | |
| Street Address | 300 Fifth Avenue, Suite 1050F |
| City and County | Seattle, King County |
| State and Zip Code | WA. 98104 |
| Telephone Number | (206) 470-3100 |

Defendant No. 6

| | |
|---|---|
| Name | Richard Steinfeld |
| Job or Title *(if known)* | District Medical Advisor (DMA) M.D. |
| Street Address | 300 Fifth Avenue, Suite 1050F |
| City and County | Seattle, King County |
| State and Zip Code | WA. 98104 |
| Telephone Number | (206) 470-3100 |

Defendant No. 7

| | |
|---|---|
| Name | Sheila M. Case |
| Job or Title *(if known)* | OWCP Hearing Representative |
| Street Address | |
| City and County | |
| State and Zip Code | Washington DC |
| Telephone Number | (202) 693-0045 |

Defendant No. 8

| | |
|---|---|
| Name | JANE DOE |
| Job or Title *(if known)* | |
| Street Address | 300 Fifth Avenue, Suite 1050F |
| City and County | Seattle, King County |
| State and Zip Code | WA. 98104 |
| Telephone Number | (206) 470-3100 |

Defendant No. 9

| | |
|---|---|
| Name | JOHN DOE |
| Job or Title *(if known)* | |
| Street Address | 300 Fifth Avenue, Suite 1050F |
| City and County | Seattle, King County |
| State and Zip Code | WA. 98104 |
| Telephone Number | (206) 470-3100 |

IV.    STATEMENT OF CLAIM (CON'T)

**Plaintiff is entitle to the damages or relief sought because**

The plaintiff claim was negligently not updated to include arthrofiborsis. Claimant board certified orthopedic surgeon and treating physician Dr. Seth L Goldsmith Preoperative Diagnosis: Arthrofibrosis, right knee / Right knee Arthroplasty Failure and Postoperative Diagnosis - Arthrofibrosis, right knee /Right knee Arthroplasty Failure was not considered enough evidence to provide proper and timely treatment by those responsible.

Claimant requested right knee post-op AFIB complications to be added to claimant's claim but it was completely ignored by the claims examiner Sandra E. Tyus. When claimant got his Senate and congressional representatives involved, OWCP Chief of Operations Tracy A. Johnson made false statements and conspires to conceal the fact that claimant ever sent a request denying proper and timely treatment. The Claimant in fact later found the letter in question in OWCP's claimant files dated 1/15/16 that included additional information for surgery, post-op physical therapy requests and request for AFIB and associated conditions to be added to claim. To this day OWCP still has negligently ignores claimant's timely right knee post-op life threatening AFIB request(s) requiring ambulance, ER, hospital admission(s), (3) heart procedure(s) and watchman device implant.

Richard Steinfeld MD. District Medical Advisor (DMA) report of 5/4/16 was misleading and denied proper and timely treatment rights and due process that caused irreversible harm to the point of possible amputation considerations.  In Feb 2017 claimant's arthrofibrotic and very painful Right knee gave out on the stairs after being denied crucial post-op physical therapy 1 year, 1 month post-op 1/18/16 surgery. The fall caused injury to claimant's Left shoulder and neck. Claimant's Left shoulder is now in need of surgery.

3/1/17 Claimant's Appeal for 10/3/16 retro authorization surgery was denied and affirmed by Shirley Case OWCP Hearing Representative referencing the very DMA's report that was not based on the factual evidence of the claimants file causing denial of proper and timely treatment rights and due process.

Claimant suffers with service connected PTSD symptoms that's triggered by pain. The denial of proper and timely treatment rights and due process has caused setbacks, delayed recovery, severe pain and anxiety aggravating claimant's PTSD symptoms.

The concerted efforts by claims examiners, senior claims examiner, Director of operations, District medical advisor and anonymous persons have denied claimant proper and timely treatment rights and due process. Those responsible with negligence denied claimant duty of care that has been very harmful causing accepted injuries and requested associated conditions to become much worse, the plaintiffs accepted right knee condition is now irreversible with amputation considerations and the right knee post-op AFIB life threatening condition required multiple related AFIB procedures, 8/2/19 ablasion procedure, 11/3/19 Watchman device implant and 11/19/19 ablasion complication issues due to not providing timely and proper treatment rights and due process to this day. The plaintiff believes he is entitled to the damages and relief sought.

**State how each defendant was involved and what each defendant did to cause the Plaintiff harm or violated the plaintiff's rights, including the dated and places of that involvement or conduct.**

1    **Defendant Sandra E. Tyus – Claims Examiner:**

**On date at place the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same of similar circumstances because** (*describe the acts of failure to act and why they were negligence*).

Claimant's April 5 16 complaint about Sandra E.Tyus - Claims Examiner to Senator Patty Murray and Congresswoman Jaime Herrera Beutler office and others when she failed to respond to claimant's January 15, 2016 letter containing additional evidence to support Requested Right Knee surgery in response to her Dec 17, 2015 letter, request for post-op physical therapy authorization and to have the claimant's associated right knee post-op AFIB condition(s) added to his claim that included exhibit letters dated 7/8/13 from treating physician Dr. Seth L. Goldsmith MD and letter dated 5/28/13 from Dr. Edward A. Chasteney MD, denying proper and timely treatment rights and due process.

Ms. Tyus complete failure to respond to claimant's official mail and request for associated right Knee Post-Op AFIB request to be added to claim caused right knee post-op AFIB to become life threatening due to denying proper and timely treatment rights and due process.

Denied request for Post-Op physical therapy authorization denying proper and timely treatment rights and due process

3/11/16 - Sandra Tyus – Claims Examine, Failed to respond to Dr. Seth Goldsmith MD Board certified surgeon / treating physician's letter dated 3/9/2016 stating "**It is very important that he starts physical therapy** at Vancouver Rehabilitation and denied letter dated 3/10/2016 from Vancouver Rehabilitation Attn: OWCP authorizations **URGENT!** "We have previously requested authorization for Fredrick which was denied, denying proper and timely treatment rights.

Failed to update claimant's accepted condition(s) in a timely manner to include Arthrofibrosis that was diagnosed multiple times by claimant's Board Certified treating physician(s) and by OWCP second opinion Dr. Clarence Fossil MD, on 1/21/2020, Delaying / denying proper and timely treatment rights.

Failed to consider the factual evidence of the Claimant's file that she aware of and/or negligently ignored when accepting Dr. Richard Steinfeld District Medical Advisor's (DMA) report of 5/4/16 as fact, denying proper and timely treatment rights and due process.

Ms. Sandra E. Tyus, Failed to provide proper and timely treatment rights and due process for claimant's accepted Right knee condition of 8/27/91 and associated condition(s),

Ms. Sandra E. Tyus – Claims Examiner, Failed to provide claimant duty of care.

**The acts or omissions caused or contributed to the cause of the plaintiff's injury by** (*explain*)

Ms. Sandra E. Tyus-Claims Examiner was negligence in not responding to and/or denying claimant's official request for right knee post-op AFIB and associated heart issues(s) to be added to claim. The post-op AFIB condition became life threatening requiring multiple related AFIB procedures, 8/2/19 ablasion procedure, 11/3/19 Watchman device implant and 11/19/19 ablasion complication issues due to not providing timely and proper treatment rights and due process.

Defendant Sandra E. Tyus Claims Examiner, negligent, unethical and irresponsible actions caused delayed recovery and irreversible damage to claimant's accepted right knee condition by denying post-op physical therapy, failure to authorize post-op physical therapy requested by Board certified treating physician/ Surgeon Dr. Seth Goldsmith, causing delayed recovery that contributed to and/or caused the claimant's right knee giving out on 2/17 causing Left shoulder injury in need of surgery and to the point of possible right leg amputation consideration as stated on 1/21/2020 by Dr. Clarence Fossil MD, OWCP second opinion,.

Ms. Tyus Negligence caused physical and mental suffering due to denial of proper and timely treatment rights and due process with severe pain that aggravates claimant's service connected PTSD symptoms that are triggered by pain.

Ms. Sandra E. Tyus – Claims Examiner, negligently accepted Dr. Richard Steinfeld District Medical Advisor (DMA) decision of 5/4/16 that contradicted the factual evidence of the claimants file, denied proper and timely treatment rights of the accepted condition(s) including denying retro-authorization, crucial post-op Physical Therapy that was requested by the claimant's treating physician several times causing delay in recovery to claimant's accepted condition(s) as stated in Dr. Goldsmith's periodic medical reports including but not limited to that of 11/4/16 causing claimant  irreversible damage and complication(s) to claimant's accepted right knee injury.

Ms. Sandra E. Tyus negligently accepted that the DMA's misleading and incorrect accretion that the claimant's right knee accepted condition of 8/27/91 was instead a prior or a preexisting condition, despite the factual evidence of the claimant's file and the claimant's board certified orthopedic surgeon and treating physician's documentation. Ms. Tyus failed to provide proper and timely treatment rights and due process causing delayed recovery and irreversible harm to claimant's injury.

2    Defendant Jahn Farrington – Senior Claims Examiner

**On date at place the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same of similar circumstances because** (*describe the acts of failure to act and why they were negligence*)**.**

Jahn Farrington Senior claims examiner – 08/19/16 denied request for retro authorization right knee 01/18/16 surgery failing to provide proper and timely treatment rights and crucial post-op physical therapy.

Mr. Farrington failed to update claimant's accepted condition(s) in a timely manner to include Arthrofibrosis that was diagnosed multiple times by claimant's Board Certified treating physician(s) and by OWCP second opinion Dr. Clarence Fossil MD, on 1/21/2020, Delaying / denying proper and timely treatment rights.

Mr. Jahn Farrington Senior Claims Examiner did not provide proper and timely treatment rights and due process for claimant's accepted Right knee condition and requested associated condition(s), including Right Knee Post-Op AFIB associated condition(s) and left shoulder associated condition. Mr. Farrington in concert with other defendants reached conclusions against the claimant regardless of the factual evidence of the claimant's file and/or ignored or failed to respond to claimant's timely and proper request(s).

Mr. Jahn Farrington – Senior Claims Examiner negligently accepted Dr. Richard Steinfeld District Medical Advisor (DMA) decision of 5/4/16 that contradicted the factual evidence of the claimants file and that failed to provide proper and timely treatment rights including denying retro-authorization and crucial post-op Physical Therapy.

Mr. Farrington accepted Dr. Richard Steinfeld DMA's accretion in his 5/4/16 report that the claimant's right knee accepted condition of 8/27/91 was instead a prior or a preexisting condition and in doing so failed to provide the claimant due process rights as provided by the Federal Employees' Compensation Act, (FECA)

Mr. Farrington Failed to consider the factual evidence of the Claimant's file that he aware of and/or negligently ignored when accepting Dr. Richard Steinfeld District Medical Advisor's (DMA) report of 5/4/16 as fact, Denying proper and timely treatment rights and due process.

Mr. Jahn Farrington – Senior Claims Examiner, failed to consider Dr. Seth L. Goldsmith's, periodic medical report as factual including but not limited to that of 11/04/16.

Mr Jahn Farrington, Failed to provide proper and timely treatment rights and due process for claimant's accepted Right knee condition(s) of 8/27/91 and requested associated condition(s),

Mr Jahn Farrington – Senior Claims Examiner, Failed to provide claimant duty of care.

**The acts or omissions caused or contributed to the cause of the plaintiff's injury by** (*explain*)

Defendant Jahn Farrington – Senior Claims Examiner, negligent, unethical and irresponsible actions caused delayed recovery and irreversible damage to claimant's accepted right knee condition by denying post-op physical therapy, failure to authorize post-op physical therapy requested by Board certified treating physician/ Surgeon Dr. Seth Goldsmith, causing delayed recovery that contributed to and/or caused the claimant's right knee giving out on 2/17 causing Left shoulder injury in need of surgery and to the point of possible right leg amputation consideration as stated on 1/21/2020 by Dr. Clarence Fossil MD, OWCP second opinion,

Mr. Farrington unethical behavior and failure to provide proper and timely treatment rights have caused physical and mental suffering with severe pain that aggravates claimant's service connected PTSD symptoms that are triggered by pain.

Mr. Farrington – Senior Claims Examiner, negligently accepted Dr. Richard Steinfeld District Medical Advisor (DMA) decision of 5/4/16 that contradicted the factual evidence of the claimants file, denied proper and timely treatment rights of the accepted condition(s) including denying retro-authorization, crucial post-op Physical Therapy that was requested by the claimant's treating physician several times causing delay in recovery to claimant's accepted condition(s) as stated in Dr. Goldsmith's periodic medical reports including but not limited to that of 11/4/16 causing irreversible damage and complication(s) to claimant's accepted right knee injury.

Mr. Farrington negligently accepted that the DMA's misleading and incorrect accretion that the claimant's right knee accepted condition of 8/27/91 was instead a prior or a preexisting condition, despite the factual evidence of the claimant's file and the claimant's board certified orthopedic surgeon and treating physician's documentation. Mr. Farrington failed to provide proper and timely treatment rights and due process causing delayed recovery and irreversible harm to claimant's injuries.


3    Defendant Tracy A. Johnson - Chief of Operations

**On date at place the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same of similar circumstances because** (*describe the acts of failure to act and why they were negligence*)**.**

Ms. Tracy A Johnson – Chief of Operations 4/19/16 negligently made false statements in her response to the claimant and his representatives Senator Patty Murray, Senator Maria Cantwell and Congresswoman Jaime Herrera Beutler in their Inquiry/investigation. Ms. Johnson's unprincipled behavior in her attempt to cover-up evidence and the unethical behavior of Ms. Sandra E. Tyus - Claims Examiner that negligently failed to respond to

claimant's official request of 1/15/16 letter that caused and continued to cause irreparable damage to plaintiff by denial of proper and timely treatment rights and due process.

Tracy A Johnson – Chief of Operations negligently accepted Dr. Richard Steinfeld District Medical Advisor (DMA) report of 5/4/16 that contradicted the factual evidence of the claimants file. Ms. Johnson Failed to provide proper and timely treatment rights including denying retro-authorization and crucial post-op Physical Therapy.

Ms. Johnson accepted that the DMA's accretion in his 5/4/16 report that the claimant's right knee accepted condition of 8/27/91 was instead a prior or a preexisting condition that failed to provide the claimant due process rights as provided by the Federal Employees' Compensation Act, (FECA)

Ms. Johnson Failed to consider the factual evidence of the Claimant's file that she was aware of and/or negligently ignored when accepting Dr. Richard Steinfeld District Medical Advisor's (DMA) report of 5/4/16 as fact, Denying proper and timely treatment rights and due process.

Ms. Johnson's negligence in concert with other defendants known and unknown conspired to conceal the factual evidence of the claimant's file to manipulate an outcome of the senate and congressional inquiry and deny the claimant timely and proper treatment rights and due process as provided by the Federal Employees' Compensation Act (FECA).

Ms. Tracy A Johnson – Chief of Operations, failed to provide the claimant duty of care.

**The acts or omissions caused or contributed to the cause of the plaintiff's injury by** (*explain*)

Tracy A Johnson – Chief of Operations, 4/19/16 false statement(s) were negligent, unethical and irresponsible causing delayed recovery and irreversible damage to claimant's accepted right knee condition by denying post-op physical therapy requested by Board certified treating physician/ Surgeon Dr. Seth Goldsmith, causing delayed recovery that contributed to and/or caused the claimant's right knee to give out in 2/17 causing Left shoulder injury in need of surgery and to the point of possible right leg amputation consideration as stated in 1/21/2020 by Dr. Clarence Fossil MD, OWCP second opinion,

Tracy A Johnson – Chief of Operations, negligently accepted Dr. Richard Steinfeld District Medical Advisor (DMA) decision of 5/4/16 that contradicted the factual evidence of the claimants file, denied proper and timely treatment rights including denying retro-authorization, crucial post-op Physical Therapy, causing the claimant's accepted condition(s) and associated condition(s) to be much worse and irreversible.

Tracy A Johnson – Chief of Operations negligently accepted that the DMA's misleading and incorrect accretion that the claimant's right knee accepted condition of 8/27/91 was

instead a prior or a preexisting condition, despite the factual evidence of the claimant's file. Ms. Johnson failed to provide proper and timely treatment rights and due process causing delayed recovery and irreversible harm to claimant's injuries.

Tracy A Johnson – Chief of Operations failed to provide claimant duty of care that caused the accepted right knee condition(s), and requested associated life threatening post op right knee associated AFIB condition to be worse and requiring multiple related AFIB procedures, 8/2/19 ablasion procedure, 11/3/19 Watchman device implant and 11/19/19 ablasion complication issues due to not providing timely and proper treatment rights and due process.

4    Defendant Craig Dunn for Tracy A Johnson – Chief of Operations – 4/28/16

**On date at place the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same of similar circumstances because** (*describe the acts of failure to act and why they were negligence*)**.**

Craig Dunn for Ms. Tracy A Johnson – Chief of Operations 4/19/16  negligently made false statement in her response to the claimant and his representatives Senator Patty Murray, Senator Maria Cantwell and Congresswoman Jaime Herrera Beutler in their Inquiry/investigation. Ms. Johnson's unprincipled behavior in her attempt to cover-up evidence and the unethical behavior of Ms. Sandra E. Tyus - Claims Examiner that negligently failed to respond to claimant's official request of 1/15/16 letter that caused and continued to cause irreparable damage to plaintiff by denial of proper and timely treatment rights and due process.

Craig Dunn for Tracy A Johnson – Chief of Operations negligently accepted Dr. Richard Steinfeld District Medical Advisor (DMA) report of 5/4/16 that contradicted the factual evidence of the claimants file. Ms. Johnson Failed to provide proper and timely treatment rights including denying retro-authorization and crucial post-op Physical Therapy.

Craig Dunn for Ms. Johnson accepted that the DMA's accretion in his 5/4/16 report that the claimant's right knee accepted condition of 8/27/91 was instead a prior or a preexisting condition that failed to provide the claimant due process rights as provided by the Federal Employees' Compensation Act, (FECA)

Craig Dunn for Ms. Johnson Failed to consider the factual evidence of the Claimant's file that she was aware of and/or negligently ignored when accepting Dr. Richard Steinfeld District Medical Advisor's (DMA) report of 5/4/16 as fact, Denying proper and timely treatment rights and due process.

Craig Dunn for Ms. Johnson's negligence in concert with other defendants known and unknown conspired to conceal the factual evidence of the claimant's file to manipulate an

outcome of the senate and congressional inquiry and deny the claimant timely and proper treatment rights and due process as provided by the Federal Employees' Compensation Act (FECA).

Craig Dunn for Ms. Tracy A Johnson failed to provide the claimant duty of care.

**The acts or omissions caused or contributed to the cause of the plaintiff's injury by** (*explain*)

Craig Dunn for Tracy A Johnson – Chief of Operations, 4/19/16 false statement(s) were negligent, unethical and irresponsible causing delayed recovery and irreversible damage to claimant's accepted right knee condition by denying post-op physical therapy requested by Board certified treating physician/ Surgeon Dr. Seth Goldsmith, causing delayed recovery that contributed to and/or caused the claimant's right knee to give out in 2/17 causing Left shoulder injury in need of surgery and to the point of possible right leg amputation consideration as stated in 1/21/2020 by Dr. Clarence Fossil MD, OWCP second opinion,

Craig Dunn for Tracy A Johnson – Chief of Operations, negligently accepted Dr. Richard Steinfeld District Medical Advisor (DMA) decision of 5/4/16 that contradicted the factual evidence of the claimants file, denied proper and timely treatment rights including denying retro-authorization, crucial post-op Physical Therapy, causing the claimant's accepted condition(s) and associated condition(s) to be much worse and irreversible.

Craig Dunn for Tracy A Johnson – Chief of Operations negligently accepted that the DMA's misleading and incorrect accretion that the claimant's right knee accepted condition of 8/27/91 was instead a prior or a preexisting condition, despite the factual evidence of the claimant's file. Ms. Johnson failed to provide proper and timely treatment rights and due process causing delayed recovery and irreversible harm to claimant's injuries.

Craig Dunn for Tracy A Johnson – Chief of Operations failed to provide claimant duty of care that caused the accepted right knee condition(s), and requested associated life threatening post op right knee associated AFIB condition to be worse and requiring multiple related AFIB procedures, 8/2/19 ablasion procedure, 11/3/19 Watchman device implant and 11/19/19 ablasion complication issues due to not providing timely and proper treatment rights and due process.

5   **Defendant Dr. Richard Steinfeld MD – District Medical Advisor (DMA)**

**On date at place the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same of similar circumstances because** (*describe the acts of failure to act and why they were negligence*).

Dr. Richard Steinfeld MD, District Medial Advisor (DMA) report of 05/04/16 should have been invalid on the bases that the claimant did not have a retro right knee replacement dated 4/14/16. The date the claimant had a knee replacement was 1/18/16. DMA Steinfeld's report contradictes the factual evidence of the claimants file and should have been invalid that denied proper and timely treatment rights and due process.

Dr. Richard Steinfeld MD, District Medial Advisor (DMA) report of 05/04/16 was negligent and misleading, that contradicted the factual evidence of the claimants file denying proper and timely treatment rights and due process.

DMA Steinfeld's negligent report of 5/4/16 caused claimant's 1/18/16 surgery crucial right knee post-op physical therapy knee to be denied up to 1 year 2 months post-op surgery denying proper and timely treatment rights and due process.

Dr. Richard Steinfeld MD (DMA) accretion in his 5/4/16 report that the claimant's right knee accepted condition of 8/27/91 was instead a prior or a preexisting condition, without providing the claimant due process rights as provided by the Federal Employees' Compensation Act, (FECA)

Dr. Richard Steinfeld MD 5/4/16 report denied the claimant duty of care.

**The acts or omissions caused or contributed to the cause of the plaintiff's injury by** (*explain*)

Dr. Richard Steinfeld MD (DMA) 5/4/16 report contradicted the factual evidence of the claimants file, denied proper and timely treatment rights including denying retro-authorization and crucial post-op Physical Therapy, causing the claimant's accepted right knee condition(s) to deteriorate causing right knee to give out on stairs in 2/17 and cause a shoulder injury now in need of surgery.

Dr. Richard Steinfeld MD (DMA) 5/4/16 report caused the claimant's right knee condition to become much worse and irreversible with the possibility of now needing an right leg amputation as stated by second opinion exam physician Dr. Clarence Fossier, MD on 1/21/2020.

Dr. Richard Steinfeld MD (DMA) 5/4/16 report caused physical and mental suffering due to denial of proper and timely treatment rights and due process that caused severe pain that aggravates claimant's service connected PTSD symptoms that are triggered by pain.

6    Defendant Sheila M. Case - Hearing Representative

**On date at place the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same of similar circumstances because** (*describe the acts of failure to act and why they were negligence*).

Ms. Case quoted excerpts of Dr. Goldsmiths pre-op 1/18/16 surgery report and patients history was not complete

Ms. Case 3/1/17 report failed to include Dr Goldsmith's 1/18/16 Preoperative / Postoperative Diagnosis: Arthrofibrosis, right knee / Right knee Arthroplasty Failure

Ms. Case negligently Based her 3/1/17 decision in part on the assumption of what was thought might happen as far as the claimants 1/18/16 surgery rather than the actual outcome post 1/18/16 surgery more than a year later.

Ms. Case 3/1/17 report did not include the details of Dr. Seth L Goldsmith's 11/4/16 periodic medical report post 1/18/16 surgery or the contents of that report or the stated reason(s) why progress was delayed.

Ms. Case 3/1/17 report negligently based her decision mostly on Dr. Richard Steinfeld's (DMA) report of 5/4/16 that was misleading and not consistent with the factual evidence of the claimant's file that denied the claimant proper and timely treatment rights and considered the claimant's accepted condition as prior or preexisting denying due process.

Ms. Case 3/1/17 report talks nothing about what actually happen post 01/18/16 surgery although over a year had passed.

Ms. Case 3/1/17 report affirmed decision denied claimant duty of care.

**The acts or omissions caused or contributed to the cause of the plaintiff's injury by** (*explain*)

Ms. Case 3/1/17 report negligent affirmation of claimant's 10/3/16 Appeal was based on the DMA's 5/4/16 report that contradicted the factual evidence of the claimants file, and an inaccurate depiction of the facts that caused claimant's accepted right knee condition(s) to become much worse to the point of right leg amputation consideration as stated in OWCP's January 21, 2020 second opinion examination by Dr. Clarence Fossier, MD, to cause requested associated left shoulder condition to get worse now in need of surgery and to cause the requested associated right knee post-op AFIB condition to get worse and require multiple related AFIB procedures, 8/2/19 ablation procedure, 11/3/19 Watchman device implant and 11/19/19 ablation complication issues due to denying claimant rightful, timely and proper treatment rights and due process.

On date at place the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same of similar circumstances because (*describe the acts of failure to act and why they were negligence*).

7    Defendant Jane Doe
8    Defendant John Doe

## V.    RELIEF

The plaintiff asks the court to order damages in the amount of $855,000 and to demote and retrain the responsible parties. Claimant's right knee post-op AFIB and associated condition(s) conspire to conceal by Tracy A. Johnson – OWCP Chief of Operations, still has not been added to claimant file as an associated condition. 2/17 associated left shoulder injury still has not been accepted as an associated condition. Arthorfibrosis still has not been added as an accepted condition although (6) Board certified orthopedic surgeons / treating physicians diagnosed it including OWCP's second opinion Dr. Clarence Fossil MD on 1/21/20. Dr. Richard Steinfeld MD, District Medical Advisor (DMA) report of 5/4/16 that's invalid, misleading and that contradicts the factual evidence of the claimant's file is still wrongfully denying proper and timely treatment rights and stated claimant's accepted condition as prior or preexisting condition that denies due process. Ms. Sheila Case Hearing Representative 3/1/17 affirmation denying retro authorization surgery that was based on Dr. Richard Steinfeld 5/4/16 report that contradicts the factual evidence of the claimant's file continues to deny proper and timely treatment rights.