UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK W. RICHARDSON,

        Plaintiff,

      v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Cause No. C20-0923RSL

ORDER OF DISMISSAL AND
GRANTING LEAVE TO FILE A
MOTION TO AMEND

This matter comes before the Court on the "United States' Motion to Dismiss Pursuant to Rule 12(b)(1)." Dkt. # 8. On August 27, 1991, plaintiff sustained an injury to his right knee while working for the U.S. Postal Service. He filed a claim for benefits under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq*, which provides that "the United States shall pay compensation for the disability or death of any employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). The Secretary of the Department of Labor has the authority to administer the FECA program and has delegated his authority to the Director of the Office of Workers' Compensation Programs ("OWCP"). Plaintiff filed this lawsuit under the Federal Tort Claims Act, asserting that OWCP negligently handled his FECA claim for benefits in a way that violated his due process rights and caused physical and mental injuries. The United States seeks dismissal of the claims for lack of subject matter jurisdiction.

ORDER OF DISMISSAL AND GRANTING
LEAVE TO FILE A MOTION TO AMEND - 1

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's power to hear a case. As the party invoking subject matter jurisdiction of the federal court, plaintiff bears the burden of establishing that the Court has the requisite power to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either on its face or as a matter of fact. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, defendant raises a facial challenge to the sufficiency of the allegations, the Court assumes the allegations of the complaint are true and draws all reasonable inferences therefrom in plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

More than a decade after his 1991 injury, plaintiff underwent a total knee arthroplasty.[2] The surgery was authorized by OWCP and covered under FECA. Plaintiff developed significant, constricting, and painful scar tissue in the joint (arthrofibrosis) requiring a number of manipulations under anesthesia, all of which were authorized and covered. It was ultimately

---

[1] The Court has considered plaintiff's sur-reply, Dkt. # 16.

[2] The pre-2016 history provided here is taken from the chronology plaintiff provided in opposition to the motion to dismiss, Dkt. # 11 at 6-50.

ORDER OF DISMISSAL AND GRANTING
LEAVE TO FILE A MOTION TO AMEND - 2

determined that the anthroplasty had failed, and plaintiff underwent revision surgery in January 2016. Plaintiff did not obtain pre-authorization for the January 2016 surgery.

Plaintiff requested that OWCP add atrial fibrillation as an additional condition related to the right knee injury.[3] When that request was denied or ignored, plaintiff initiated a complaint with his Congressional representatives. In responding to an inquiry from Senator Murray, OWCP staff represented that they did not have a copy of his January 2016 request to add a condition to his FECA claim. Plaintiff asserts that he had, however, sent the request and that he was subsequently able to find it in OWCP's files marked received as of January 21, 2016. Plaintiff alleges that the persons who claimed to be unaware of the January 2016 request to add a condition "have shown no care or concern in their unethical act(s) that conspired to conceal and or manipulate the known facts of the case" and that their conduct "denied claimant timely and proper treatment, and denied him due process" as required by FECA. Dkt. # 11 at 27.

Meanwhile OWCP refused to pay bills related to the January 2016 revision surgery or to authorize post-surgery physical therapy. When the medical services provider contacted OWCP about outstanding bills, it was informed that the surgery had not been pre-approved and that OWCP had asked a District Medical Director ("DMA") to review the case file. The DMA determined that plaintiff's 2013 knee replacement surgery would have addressed his workplace injury and that all subsequent problems were related to the arthroplasty itself, plaintiff's prior knee surgeries, and/or his degenerative arthritis. Plaintiff believes the DMA's findings are

---

[3] Plaintiff's physician believed that the atrial fibrillation "may have been [brought] on by the pain and stress of [plaintiff's] knee surgery." Dkt. # 11 at 25. Plaintiff therefore believes the condition was covered under FECA as a consequential injury resulting from a weakness or impairment arising from his work-related injury.

ORDER OF DISMISSAL AND GRANTING
LEAVE TO FILE A MOTION TO AMEND - 3

inconsistent with the factual evidence in his claim file, contradict findings in the record, and improperly discount the fact that the workplace injury materially aggravated his prior knee problems. Plaintiff argues that OWCP violated his due process rights because it "did not prepare a memorandum to the file/Director, no formal decision with appeal rights was issued and no explanation of the change in accepted condition was provided the claimant . . . ." Dkt. # 11 at 30. *See also Id.* at 32 and 38; Dkt. # 16 at 7.

When plaintiff requested that the January 2016 revision surgery be retro-authorized, OWCP requested additional medical evidence from the surgeon in light of the DMA's findings. No additional evidence was provided, and OWCP denied the request for retroactive approval in a letter dated August 19, 2016. Plaintiff was notified of his right to appeal the denial. The denial was reissued, with slight modifications, on October 3, 2016. That denial was administratively appealed. Based on an examination of the written record, the Branch of Hearings and Review in Washington DC upheld the denial in March 2017, concluding that the January 2016 surgery was not necessary or related to plaintiff's August 1991 workplace injury. Plaintiff was notified that he could seek reconsideration or further appeals. His request for reconsideration was not timely made, however, and it was denied on the ground that plaintiff had failed to present "clear evidence that the Office's last merit decision was incorrect." Dkt. # 9-3 at 12. Plaintiff was notified that his only right of appeal lay with the Employees' Compensation Appeals Board and had to be filed within 180 days.

In May 2019, plaintiff requested authorization for on-going physical therapy treatments: the then-current authorization was set to expire in July 2019. Neither plaintiff nor his doctor submitted an updated treatment plan showing how continued treatment would produce some

functional improvement. The request was denied because "the evidence of record does not support that [physical therapy after July 6, 2019] is medically necessary to address the effects of your work-related injury or conditions(s) under the FECA." Dkt. # 9-4 at 3. Plaintiff initiated an administrative appeal, and the denial was set aside and remanded for further medical development to determine whether the arthrofibrosis necessitating physical therapy was attributable to plaintiff's workplace injury. A second examining physician opined that plaintiff's right knee arthrofibrosis was related to his workplace injury, but that physical therapy would not provide any benefit. Two months after plaintiff filed this complaint, OWCP amended plaintiff's claim to include right knee ankylosis/anthrofibrosis to his list of accepted conditions. In light of the conflict between plaintiff's treating physician and the second examining physician regarding the medical necessity of physical therapy, OWCP scheduled another examination with a referee medical examiner on September 5, 2020. The third examiner sided with the second: OWCP notified plaintiff on January 8, 2021, that his request for authorization for physical therapy was denied and provided an explanation of his appeal rights.

Plaintiff alleges that, because of OWCP's refusal to authorize post-surgery physical therapy and additional procedures designed to improve the functionality of his right knee, he fell on stairs, causing additional injuries. In September 2018, plaintiff requested that the additional injuries be added to his original claim as associated conditions. OWCP requested more evidence, but did not respond to plaintiff's supplemental submission. When plaintiff requested authorization for surgery on his left shoulder in July 2019 (one of the associated conditions), he received no response.

FECA prohibits judicial review of OWCP benefit determinations. 5 U.S.C. § 8128(b)

ORDER OF DISMISSAL AND GRANTING
LEAVE TO FILE A MOTION TO AMEND - 5

("The action of the Secretary or his designee in allowing or denying a payment . . . is final and conclusive for all purposes with respect to all questions of law and fact; and . . . [is] not subject to review by . . . a court by mandamus or otherwise."). Although the statute does not "take the 'extraordinary' step of foreclosing jurisdiction over constitutional claims," a claim of a constitutional violation cannot be "insubstantial" and must "appear to be more than mere allegations included in the complaint to create jurisdiction where none would exist otherwise." *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985).

Plaintiff alleges that the opinions expressed by Dr. Richard Steinfeld in his May 4, 2016, report were simply wrong, based as they were on an inaccurate description of plaintiff's medical history and contradicting prior findings that the 1991 workplace injury caused or materially aggravated the accepted condition of internal derangement. Plaintiff alleges that the report violated his due process rights because it changed the basis on which one of his conditions had been accepted without notice and an opportunity to be heard: "No memorandum to the file/Director was prepared, no formal decision with appeal rights was issued and no explanation of the change in accepted condition was provided the claimant denying due process . . . ." Dkt. # 16 at 7. The report itself worked no change on plaintiff's list of accepted conditions or the benefits he was then receiving, nor did it deny or approve a claim. Plaintiff had not obtained authorization for the January 2016 surgery, and bills submitted for payment related to that surgery continued to go unpaid. It was not until plaintiff requested that OWCP retroactively authorize the January 2016 revision surgery that OWCP relied on the May 4, 2016, report. At that point, a formal written denial was issued with notice of plaintiff's administrative appeal rights, which he pursued. Plaintiff does not identify any other process that was due in August

ORDER OF DISMISSAL AND GRANTING
LEAVE TO FILE A MOTION TO AMEND - 6

2016 when the request for retroactive authorization was denied or show that he was entitled to notice and an opportunity to be heard when Dr. Steinfeld issued his report in May 2016.[4]

For all of the foregoing reasons, the Court finds that plaintiff's due process challenges to OWCP's conduct are insubstantial as presently alleged. The Court therefore lacks subject matter jurisdiction over plaintiff's claims because they challenge OWCP's "action . . . in allowing or denying payment . . ." and are therefore barred. 5 U.S.C. § 8128(b). It may be possible for plaintiff to allege a viable due process claim related to OWCP's failure to respond to his July 2019 request for authorization for left shoulder surgery, however. He may, within twenty-one days of this order, file a motion for leave to amend with a proposed amended complaint for the Court's review, in compliance with Local Civil Rule 15.

Dated this 21st day of June, 2021.

*Robert S Lasnik*

Robert S. Lasnik
United States District Judge

---

[4] Plaintiff's other allegations regarding negligent claims handling, negligent communications with elected officials, and the denial of his request for physical therapy authorization do not state a due process claim.

ORDER OF DISMISSAL AND GRANTING
LEAVE TO FILE A MOTION TO AMEND - 7