UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK W. RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>US DEP'T OF LABOR, *et al.*,<br><br>Defendants. | CASE NO. 2:20-cv-00923-LK<br><br>ORDER GRANTING STAY OF DISCOVERY, ACCEPTING UNTIMELY RESPONSIVE BRIEF, AND RENOTING MOTION TO DISMISS |

This matter is before the Court on referral from the District Court and on defendants' motion requesting that discovery be stayed until the Court has resolved their pending motion to dismiss for lack of subject matter jurisdiction. Dkt. 35.

Defendants assert that discovery is not necessary for plaintiff to respond to their motion to dismiss. *See* Dkt. 35, at 1. Since defendants filed their motion, plaintiff has filed a response to the motion to dismiss that includes extensive evidentiary attachments. Dkt. 42. Moreover, he has not shown that the matters he identified as topics for discovery in his response to the motion to stay would impact the issue raised in the motion to dismiss—whether claims of mishandling

and failing to respond to his various letters and requests amount to a cognizable claim of violation of procedural due process that can be brought in this Court. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal citation omitted) ("[A] refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction[.]'").

Therefore, the Court will grant the request to stay discovery. The stay on discovery shall remain in effect at least until the District Court issues a final ruling on the motion to dismiss that is currently pending. *See* Dkt. 36. At that time, if the District Court does not address the issue in its ruling, then plaintiff can move to lift the stay, if appropriate.

The Court also *sua sponte* notes that plaintiff's response to the motion to dismiss is untimely. *See* Dkt. 42. However, the Court will accept the brief as timely filed on this occasion. In the future, plaintiff shall review the Court's local civil rules (*see* Local Civil Rule 7) and shall ensure compliance with the Court's deadlines when filing briefs or other documents.

Finally, because the Court is accepting the untimely responsive brief, the Court will also extend the deadline for defendants to file a reply brief in support of their motion to dismiss. The reply brief is due on or before **May 13, 2022**. The Clerk's Office shall renote the motion to dismiss (Dkt. 36) for consideration on May 13, 2022. As noted above, the motion to stay discovery (Dkt. 35) is granted.

Dated this 9th day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge