UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK W. RICHARDSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF LABOR et al.,<br><br>                    Defendants. | CASE NO. 2:20-cv-0923-LK<br><br>ORDER DISMISSING AMENDED COMPLAINT |

This matter comes before the Court on United States Magistrate Judge[1] J. Richard Creatura's Report and Recommendation, Dkt. No. 45, which recommended that the Court deny Defendants' motion to dismiss Plaintiff's amended complaint, Dkt. No. 36. Although the Report and Recommendation is well-reasoned, the Court rejects it due to pleading deficiencies that the parties failed to identify in their briefing. These deficiencies leave the Court without jurisdiction over this dispute. To proceed, Mr. Richardson must file an amended complaint.

---

[1] Defendants refer to Judge Creatura as "the Magistrate" in their objections, *see* Dkt. No. 46 at 4, but Congress adopted the title of "United States [M]agistrate [J]udge" several decades ago. *See* Federal Courts Study Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990). In future filings, Defendants should use the appropriate title: Magistrate Judge.

ORDER DISMISSING AMENDED COMPLAINT - 1

## I. BACKGROUND

The Court adopts the background facts and procedural history from the Report and Recommendation ("R&R"), Dkt. No. 45, and declines to reproduce them here.

## II. DISCUSSION

To allege a viable federal claim, a plaintiff must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. The factual allegations of a complaint must be enough to "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Mr. Richardson's Amended Complaint does not identify what relief he seeks in this action despite Rule 8(a)'s requirement to include "a demand for the relief sought[.]"[2] The absence of a demand for relief is more than just a pleading deficiency. Without knowing what remedy Mr. Richardson seeks, the Court cannot evaluate whether it has jurisdiction to grant it or whether—as Defendants contend, Dkt. No. 46 at 1, 4—he has received all of the relief he seeks or could obtain in this lawsuit.

Further complicating the matter, Mr. Richardson has named several individuals as Defendants, but his amended complaint does not specify the nature or basis of those claims. Dkt. No. 23 at 2. Therefore, it is unclear whether his claims against them are cognizable or moot. *See,*

---

[2] The original complaint sought $855,000; although the basis for that amount is not specified, it appears to be based on the claim that the United States Department of Labor Office of Workers Compensation Program ("OWCP") "negligently" failed to update his claim with arthrofibrosis. Dkt. No. 1 at 5, 10. But OWCP later expanded his claim to include that condition, Dkt. No. 9 at 3, and the original complaint has been superseded by the filing of an amended complaint. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting the "well-established doctrine that an amended pleading supersedes the original pleading").

*e.g.*, *Ponce v. U.S. Gov't*, 667 F. App'x 921, 923 (9th Cir. 2016) (declining to recognize a *Bivens* claim against federal government employees for alleged violations of constitutional rights in adjudicating a claim for FECA benefits).

Although the parties' briefing did not raise these deficiencies, Federal Rule of Civil Procedure 12(h)(3) permits a court to raise the question of subject-matter jurisdiction at any time during the pendency of the action. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Indeed, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because Mr. Richardson has not properly alleged a federal claim, the Court finds that it lacks subject-matter jurisdiction and must dismiss the Amended Complaint. Fed. R. Civ. P. 12(h)(3).

The Court is mindful that a pro se complaint must be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (cleaned up). But even a liberal construction cannot "supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

Recognizing that a pro se litigant is "far more prone to making errors in pleading than the person who benefits from the representation of counsel," *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (cleaned up), the Court will allow Mr. Richardson one more opportunity to correct his deficient complaint.

### III. CONCLUSION

The Court dismisses without prejudice Mr. Richardson's Amended Complaint (Dkt. No. 17) and GRANTS Plaintiff leave to file a Second Amended Complaint.

The Second Amended Complaint must include (1) a short and plain statement of the

ORDER DISMISSING AMENDED COMPLAINT - 3

grounds for the Court's jurisdiction, (2) a short and plain statement of the specific legal claims being raised, and (3) a demand for the relief sought. *See* Fed. R. Civ. P. 8. Because an amended complaint operates as a complete substitute for an original pleading, *see Ferdik*, 963 F.2d at 1262, it must not cross-reference the original or amended complaint. If a proper amended complaint is not filed within **thirty (30) days of the date of this Order (i.e., by December 28, 2022**), this action may be dismissed without prejudice.

Because the Amended Complaint has been dismissed, the Court STRIKES the upcoming trial date and related deadlines, Dkt. No. 34.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Mr. Richardson at his last known address.

Dated this 28th day of November, 2022.

Lauren King
United States District Judge

ORDER DISMISSING AMENDED COMPLAINT - 4