UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK W. RICHARDSON, | CASE NO. 2:20-cv-0923-LK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT |
| UNITED STATES DEPARTMENT OF LABOR et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss Mr. Richardson's second amended complaint. Dkt. No. 60. For the reasons set forth below, the Court grants the motion.

## I.   BACKGROUND

Mr. Richardson, a former custodian with the United States Postal Service, injured his knee on the job in 1991. Dkt. No. 61 at 1. He filed a claim with the Office of Workers' Compensation Programs ("OWCP") for benefits under the Federal Employees Compensation Act ("FECA"), 5

U.S.C. § 8101, *et seq*. Dkt. No. 61 at 1.[1] OWCP granted his claim, and Mr. Richardson "has been receiving temporary total disability payments on the periodic rolls since February 1, 2010. OWCP has also been paying medical expenses for all accepted medical conditions since the date of injury." Dkt. No. 61 at 2. Over the years, Mr. Richardson has sought to expand his claim to add other conditions and related medical expenses. Dkt. No. 45 at 2–3.

Unsatisfied by OWCP's delay in adjudicating his requests, Mr. Richardson filed this action in 2020 alleging that OWCP and its employees "negligently handled his FECA claim for benefits in a way that violated his due process rights and caused physical and mental injuries." Dkt. No. 17 at 1. Defendants moved to dismiss the complaint. Dkt. No. 8. Noting that FECA prohibits judicial review of OWCP benefits adjudications unless a complaint alleges a constitutional violation that is not "insubstantial," the Court found that it lacked subject matter jurisdiction because Mr. Richardson's "due process challenges to OWCP's conduct are insubstantial as presently alleged." Dkt. No. 17 at 6–7. The Court granted leave to amend, and Mr. Richardson filed an amended complaint. *Id.*; *see* Dkt. No. 23.

Defendants filed a motion to dismiss the amended complaint. Dkt. No. 36. United States Magistrate Judge J. Richard Creatura issued a Report and Recommendation ("R&R") recommending that the Court deny the motion to dismiss because Mr. Richardson alleges a years-long delay in the processing of his benefits claim, and "an unreasonably and egregiously lengthy administrative process" can state a "substantial violation of procedural due process[.]" Dkt. No. 45 at 9.

---

[1] FECA provides that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty[.]" 5 U.S.C. § 8102(a). OWCP is responsible for administering FECA. *See* 20 C.F.R. § 10.1.

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT - 2

1    The Court adopted the background facts and procedural history in the R&R. Dkt. No. 48

2    at 2. However, the Court found that Mr. Richardson's amended complaint did not identify what

3    relief he seeks in this action despite Rule 8(a)'s requirement to include "a demand for the relief

4    sought[.]" *Id.* at 2 (internal quotation marks omitted). The Court explained that "[t]he absence of

5    a demand for relief is more than just a pleading deficiency" because "[w]ithout knowing what

6    remedy Mr. Richardson seeks, the Court cannot evaluate whether it has jurisdiction to grant it or

7    whether—as Defendants contend, Dkt. No. 46 at 1, 4—he has received all of the relief he seeks or

8    could obtain in this lawsuit." *Id.* The Court also noted that the amended complaint named several

9    individuals as Defendants, but failed to "specify the nature or basis of th[e] claims" against those

10   Defendants. *Id.* Therefore, the Court could not determine whether the claims against the

11   individuals were cognizable. *Id.*

12       Mr. Richardson filed a second amended complaint—the current operative complaint—

13   naming as Defendants the OWCP, several of its employees, and two "Doe" defendants. Dkt. No.

14   49 at 1–4. Mr. Richardson notes that in January 2016, he submitted a letter to OWCP requesting

15   to add post-operative atrial fibrillation ("Afib") and "associated heart issue(s)" to his claim for

16   benefits. *Id.* at 7. In 2018, he requested that his "left shoulder associated conditions [be] added to

17   he claim." *Id.* at 18. In 2019, he sought an atrial fibrillation ablation procedure and "Watchman

18   device" related to his cardiac condition, but "OWCP did not make a decision on [his] 1/15/2016

19   response/request letter until March 21, 2022[,] over 7 years later." *Id.* OWCP does not dispute

20   those facts. It states that Mr. Richardson's January 2016 letter was misfiled in its system due to a

21   clerical error; the letter requested to add Afib to his claim; he requested that OWCP update his

22   claim to include a "left shoulder and neck injury"; he sought authorization for an atrial fibrillation

23   ablation procedure and a Watchman device related to his post-op Afib claim in July 2019; and on

24   March 21, 2022, "OWCP issued a decision denying Plaintiff's claim for post-op Afib, and related

requests for [an] atrial fibrillation ablation procedure and a Watchmen device." Dkt. No. 61 at 3–5, 8.

Mr. Richardson's second amended complaint avers that "OWCP violated [his] due process, and Constitutional Rights repeatedly for approximately 7 years, ignoring many requests related to [his] claim" and denied him "proper and timely treatment/duty of care that aggravated and caused physical and mental injuries." Dkt. No. 49 at 5. As relief, Mr. Richardson seeks $855,000; an "[i]nvestigation into how the [FECA] law and its provisions for injured workers were deviated from for years by those entrusted to administer it"; "Recertification/Training for the responsible parties"; and "such other relief as the Court deems proper." *Id.* at 6. Defendants moved to dismiss all claims. Dkt. No. 60.

## II.   DISCUSSION

Defendants seek dismissal of all claims in Mr. Richardson's second amended complaint for the following reasons:

> (1) [T]his Court lacks jurisdiction to hear a challenge to the OWCP's denial of Plaintiff's claims; (2) the OWCP has responded to and adjudicated all of Plaintiff's claims; (3) Plaintiff has been given all the due process he is entitled to and any due process claim is moot; (4) even if Plaintiff could state a live due process claim, the Court cannot grant him the relief he requests; and (5) Plaintiff has failed to identify a cognizable legal claim against the individual defendants and he cannot bring a *Bivens* claim against federal government employees for alleged violations of constitutional rights in adjudicating a claim for FECA benefits.

Dkt. No. 60 at 2. As explained below, the Court agrees that it lacks jurisdiction to hear a challenge to OWCP's benefits decision. Although the Court does have jurisdiction over constitutional claims that are not "insubstantial" and "appear to be more than mere allegations included in the complaint to create jurisdiction where none would exist otherwise," *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985), even assuming that Mr. Richardson has stated such a claim, his claim is moot, and the Court cannot afford him the relief he seeks. Finally, to the extent Mr. Richardson

intends to bring a claim against the individual Defendants in their personal capacities, he has not stated a claim against them.

A.      **The Court Lacks Jurisdiction to Review the Decision Denying Benefits**

Defendants raise a factual challenge to jurisdiction and argue that the Court lacks jurisdiction to hear a challenge to OWCP's denial of Mr. Richardson's requests to expand his claim. Dkt. No. 60 at 3–4. In reviewing a factual challenge, the court may consider materials beyond the complaint, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), "weigh the evidence[,] and satisfy itself as to the existence of its power to hear the case," *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The Court may look to "extra-pleading material" to decide whether it has jurisdiction "even if it becomes necessary to resolve factual disputes." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The Court has considered the Declaration of Jennifer Valdivieso, Dkt. No. 61, for background purposes, but there are no factual disputes to resolve because, as set forth above, the parties agree on the relevant facts.

Mr. Richardson alleges that OWCP denied him "proper and timely treatment/duty of care that aggravated and caused physical and mental injuries," and that "[b]oth of [his] shoulders are still in need of surgery due to associated injuries of [his] right knee accepted condition." Dkt. No. 49 at 5 (emphasis omitted). But as the Court has already held, "FECA prohibits judicial review of OWCP benefit determinations." Dkt. No. 17 at 5; *see* 5 U.S.C. § 8128(b) ("The action of the Secretary or his designee in allowing or denying a payment . . . is . . . final and conclusive for all purposes with respect to all questions of law and fact; and . . . [is] not subject to review by . . . a court by mandamus or otherwise."). Mr. Richardson concedes this point and notes that "he cites the ultimate decision on his requests [for benefits] only as background information." Dkt. No. 64 at 25. To the extent that Mr. Richardson asserts a claim premised on the denial of his request to

expand his benefits, the Court lacks jurisdiction to hear it. *See, e.g.*, *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006) ("Section 8128(b) explicitly provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations[.]"); *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1441 (7th Cir. 1996) ("When all that a claimant is seeking is benefits on the basis of an error of fact or law by the administering agency, judicial review is barred altogether."). Therefore, the Court has no jurisdiction to review OWCP's decision or to grant additional benefits.[2]

## B.    This Case Is Now Moot

Despite the statutory prohibition on reviewing the validity of coverage determinations, courts have jurisdiction to consider substantial due process challenges arising out of the processing of FECA claims. *Rodrigues*, 769 F.2d at 1348. Mr. Richardson contends that Defendants denied him due process by ignoring his requests to update his FECA claim "for over 7 years[.]" Dkt. No. 49 at 5. The parties contest whether that protracted delay rises to the level of a due process deprivation. Defendants argue that despite the delay, Mr. Richardson has received all the process he was due because OWCP adjudicated his claim and issued a decision with appeal rights. Dkt. No. 60 at 11–15. Mr. Richardson responds that "even if a claim is ultimately denied, procedural due process requires that the agency not unreasonably delay its determination." Dkt. No. 64 at 22.

The Court need not decide whether Mr. Richardson has stated a substantial claim for violation of his due process rights because even if he has, his claim is now moot. Article III of the Constitution restricts federal courts to deciding only "actual, ongoing controversies." *Honig v.*

---

[2] Mr. Richardson also complains about Defendants' allegedly "negligent" claims processing that violated the "duty of care," Dkt. No. 49 at 7, 13, but the Court previously dismissed his claim under the Federal Tort Claims Act, Dkt. No. 17 at 1, 7. His second amended complaint asserts only a due process claim, Dkt. No. 49 at 5, so the allegations of "negligence" therein appear to be made in support of the due process claim rather than an attempt to resurrect the negligence claim.

*Doe*, 484 U.S. 305, 317 (1988); *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (explaining that if a claim becomes moot, the Court lacks jurisdiction because there is no longer a live case or controversy as required by Article III of the U.S. Constitution). "Even where litigation poses a live controversy when filed . . . a federal court [must] refrain from deciding it 'if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (quoting *Transwestern Pipeline Co. v. F.E.R.C.*, 897 F.2d 570, 575 (D.C. Cir. 1990)). In other words, "[t]he requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence[.]'" *Hernandez v. Cnty. of Monterey*, 70 F. Supp. 3d 963, 970–71 (N.D. Cal. 2014) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)); *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1253 (9th Cir. 2007) ("[A] live controversy must exist at all stages of the litigation, not simply at the time plaintiff filed the complaint."). As the party invoking the Court's subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has the power to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, the action has become moot—and the Court consequently lacks jurisdiction—because even if the Court were to rule in Mr. Richardson's favor, "there is no further relief the Court can provide." *Gill v. Mayorkas*, C20-939-MJP, 2022 WL 425343, at *2 (W.D. Wash. Feb. 11, 2022); *see also Rodrigues*, 769 F.2d at 1349 (stating that "[i]f reinstatement of benefits pending a hearing is the only relief that Rodrigues seeks and a hearing has been held, it may be that this case is now moot."); *Magassa v. Mayorkas*, 52 F.4th 1156, 1167 (9th Cir. 2022) (noting that the doctrine of standing requires plaintiffs to show that that their injury "is likely to be redressed by a favorable decision" (internal quotation marks omitted)). Although OWCP has not provided all the benefits Mr. Richardson seeks, the Court cannot provide the relief he requests. Mr. Richardson

1   seeks $855,000, Dkt. No. 49 at 6, but the United States has not waived its sovereign immunity for

2   a claim for monetary damages for procedural due process violations. *Czerkies*, 73 F.3d at 1438

3   ("If [the plaintiff] is seeking damages or other monetary relief he is barred by sovereign

4   immunity[.]"). And "[a] violation of procedural rights requires only a procedural correction, not

5   the reinstatement of a substantive right to which the claimant may not be entitled on the merits."

6   *Raditch v. United States*, 929 F 2d. 478, 481 (9th Cir. 1991); *Miranda v. City of Casa Grande*, 15

7   F.4th 1219, 1227 (9th Cir. 2021) (same); *see also Czerkies*, 73 F.3d at 1442 (explaining that "a

8   conclusion that the claimant had been denied due process of law [would not] entitle him to benefits.

9   It would entitle him only to a fair procedure for adjudicating his claim to benefits.").[3] The Court

10  in *Czerkies* explained that a "decision as to whether the statute administered by the agency in

11  question entitled [the plaintiff] to benefits would remain that of the agency—and not subject to

12  judicial review." 73 F.3d at 1442. Following those principles, even if Mr. Richardson could

13  establish a due process violation, the Court could only grant him a procedural remedy, not

14  additional benefits or damages. But OWCP has already adjudicated Mr. Richardson's claim, and

15  he is not seeking a procedural remedy. Dkt. No. 49 at 6 (listing relief requested).

16      Mr. Richardson also seeks injunctive relief, but he is not entitled to that either. Specifically,

17  Mr. Richardson seeks an investigation into how FECA's provisions "were deviated from" in his

18  case and recertification and training "for the responsible parties." *Id.* The plaintiff "bears the

19  burden of showing that he has standing for each type of relief sought," including an injunction.

20  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). When plaintiffs seek injunctive relief,

21  they must allege some likelihood of future injury. *See City of Los Angeles v. Lyons*, 461 US. 95,

22

23  ---
    [3] Although nominal damages are available to redress some due process violations, *Carey v. Piphus*, 435 U.S. 247, 266 (1978), the United States has not waived its sovereign immunity for claims for monetary damages—including nominal damages—arising from alleged due process violations. *See, e.g.*, *Magassa v. Wolf*, 487 F. Supp. 3d 994, 1007–08 (W.D. Wash. 2020).

24

105–06 (1983). But Mr. Richardson has not alleged any likelihood of future injury. His second amended complaint does not state that he is filing additional FECA claims, that if he did so he would again encounter protracted delays, or allege any other basis to suggest a likelihood of future injury. Mr. Richardson has thus failed to show an entitlement to injunctive relief. *See, e.g.*, *Guerrero-Smith v. Solis*, 10 F. Supp. 3d 154, 156–57 (D.D.C. 2014) (denying the plaintiff's request to compel OWCP to "[p]rocess any future payment paperwork in a timely fashion" because she failed to present any evidence that the agency "may not respond to hypothetical future workers' compensation claims in a timely manner." (internal quotation marks omitted)). Because the Court cannot award further relief and there is no live controversy, this case is moot.

Mr. Richardson does not argue that any of the exceptions to the mootness doctrine apply, nor does it appear that any exceptions apply here. Although "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," *Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 965 (9th Cir. 2007) (internal quotation marks omitted) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)), a case is still moot "if subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1215 (9th Cir. 2021) (cleaned up). Here, OWCP has issued a decision and Mr. Richardson does not allege that he has filed additional claims, and there is no indication that the allegedly wrongful behavior will recur. For the same reasons, the mootness exception for "wrongs capable of repetition yet evading review" is inapplicable. *Ctr. for Biological Diversity*, 511 F.3d at 965 (holding that "there must be a reasonable expectation that the same complaining party will be subject to the same injury again" (cleaned up)). A third exception exists where a plaintiff "would suffer collateral legal consequences if the actions being appealed were allowed to stand," *Pub. Utils. Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 2007), but as set forth

1    above, the Court is unable to alter OWCP's benefits decision even if it were to find a due process

2    violation.

3          Therefore, the case must be dismissed as moot.

4    **C.    Mr. Richardson Has Not Stated a Claim Against the Individual Defendants**

5          Defendants move to dismiss the claims against the individual Defendants because Mr.

6    Richardson has failed to state a claim against them. Dkt. No. 60 at 16. Dismissal under Rule

7    12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient

8    facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622

9    F.3d 1035, 1041 (9th Cir. 2010). The Court accepts as true all factual allegations in the complaint

10   and construes them in the light most favorable to the nonmoving party. *Skilstaf, Inc. v. CVS*

11   *Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

12         The Court's prior Order noted that Mr. Richardson's amended complaint did not specify

13   the nature or basis of any claims against the individual Defendants. Dkt. No. 48 at 2. Mr.

14   Richardson's second amended complaint does not cure that deficiency. *See generally* Dkt. No. 49.

15         The second amended complaint does not specify whether Mr. Richardson is suing the

16   individual Defendants in their personal or official capacities, but either way, he fails to state a

17   claim. If Mr. Richardson is suing the individual Defendants in their official capacities, that claim

18   duplicates the claim against OWCP and fails for the same reasons. This is because the Court treats

19   official capacity claims as claims against the entity that employs the official—here, OWCP. *See*

20   *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (explaining that "an official-capacity suit is, in all

21   respects other than name, to be treated as a suit against the entity," and "the real party in interest

22   is the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity

23   suits generally represent only another way of pleading an action against an entity of which an

24   officer is an agent[.]"). And an individual capacity claim is untenable because the Ninth Circuit

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT - 10

has declined to recognize a *Bivens* claim against federal government employees for alleged violations of constitutional rights in adjudicating a claim for FECA benefits. *Ponce v. U.S. Gov't*, 667 F. App'x 921, 923 (9th Cir. 2016).

Finally, Mr. Richardson has not requested, and the Court will not grant, further leave to amend the complaint. District courts may dismiss a complaint without leave to amend if "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) (explaining that a district court may deny leave to amend when amendment would be futile). Here, the allegations of additional facts will not save Mr. Richardson's claims. In addition, Mr. Richardson has been granted leave to amend twice before, Dkt. Nos. 17, 48, but the amendments have not remedied his claims' shortcomings. Leave to amend may be denied due to "repeated failure to cure deficiencies by amendments previously allowed[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Court grants the motion to dismiss without further leave to amend.

## III.  CONCLUSION

Although the Court sympathizes with Mr. Richardson, the Court is without authority to grant him the relief he seeks. For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Dkt. No. 60.

Dated this 29th day of September, 2023.

Lauren King
United States District Judge